UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GENE CAMARATA,<br><br>           Plaintiff,<br><br>    v.<br><br>KITTITAS COUNTY, CITY OF ELLENSBURG, KITTITAS COUNTY FAIR BOARD, INC., ELLENSBURG RODEO ASSOCIATION, d/b/a/ ELLENSBURG RODEO and ELLENSBURG RODEO BOARD OF DIRECTORS, et al.,<br><br>           Defendants. | NO. CV-03-3114-LRS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

    BEFORE THE COURT without oral argument are the defendants' five motions for summary dismissal of the case: Individual Ellensburg Defendants'[1] Motion for Summary Judgment and Dismissal (Ct. Rec. 23), Individual Kittitas County Defendants'[2] Motion for Summary Judgment (Ct.

---

[1] "Individual Ellensburg Defendants" are: David Moseley , Paul - Sullivan , Ted Barkley , Ann Kirkpatrick , Bob Richey , Officer Green , Officer Roe , Officer Matthews , Officer Houck , Officer Coppin , Officer Bender , Officer Dobbs , Officer Jones , Officer McElroy , Officer Ng , Officer Luvera , Officer Brunk , Officer Willis , Officer Parmeter , Officer Hansberry , Paula Hake , Steve Alder , Al Nielsen , and R James Pidduck

[2] "Individual Kittitas County Defendants'" are: Greg Zempel , James Hurson , John MacRae , Bruce Coe , and Mark Johnson.

ORDER ~ 1

Rec. 28), Kittitas County Defendants'[3] Motion to Dismiss for Plaintiff's Failure to Comply with Court Order Regarding Discovery (Ct. Rec. 32), Kittitas County Defendants' Motion for Summary Judgment (Ct. Rec. 36), and Defendant City of Ellensburg's Motion for Summary Judgment and Dismissal (Ct. Rec. 40). The Ellensburg defendants have joined in the County's Motion to Dismiss for Failure to Comply with Court Order Regarding Discovery and the Kittitas County defendants have joined in the City of Ellensburg's Motion for Summary Judgment. Plaintiff has filed no response to these motions. For the following reasons, the Court grants the defendants' motion to dismiss.

**I. BACKGROUND**

Plaintiff commenced this civil rights action as a pro se litigant by complaint filed in Kittitas County Superior Court on August 11, 2003. Defendants removed the case to federal Court on September 10, 2003. On April 26, 2004 the Court entered a scheduling order which spelled out, in detail, the deadlines and general discovery requirements, including the requirement that all discovery be completed by January 24, 2005. On May 19, 2004, the Kittitas County defendants served Plaintiff their First Set of Interrogatories and Requests for Production of Documents. Having failed to receive a response by August 16, 2004, the defendants sent follow-up letters and attempted phone contact, to no avail. Plaintiff then failed to respond to defendant's motion to compel.

---

[3] "Kittitas County Defendants" are: Kittitas County , Kittitas County Fair Board Inc, Kittitas County Rodeo Grounds Improvement Fund, and the Individual Kittitas County Defendants - Greg Zempel , James Hurson, John MacRae, Bruce Coe, and Mark Johnson.

ORDER ~ 2

On December 27, 2005, the Court entered an Order compelling the plaintiff provide written discovery by January 10, 2005.  Along with a detailed  explanation of the legal basis therefore and the reasons why, the Court's order provided the following warning:

> "PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER WILL LIKELY RESULT IN THE DISMISSAL OF THIS CASE WITH PREJUDICE."

Defendants represent in their motion to dismiss that plaintiff never complied with this order.

**II. DISCUSSION**

The Court has authority to dismiss a case when a plaintiff does not comply with the rules or orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure which states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order of dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with Court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance. Fed.R.Civ.P. 37(b); *G-K Properties v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978). These measures are fully applicable to pro se litigants. *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir.1986).

Because dismissal is a severe penalty it should only be ordered in extreme circumstances. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Ninth Circuit has identified five factors that should be considered in deciding whether to dismiss: "(1) the public's interest in expeditious resolution of litigation (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir.1991) (citations and internal punctuation omitted). In addition, dismissal is rarely appropriate if the court has not warned plaintiff that "dismissal is imminent." *Hamilton v. Neptune Orient Lines, Lt*d., 811 F.2d 498, 500 (9th Cir.1987).

Dismissal of this case is appropriate as the plaintiff has repeatedly disobeyed the orders and rules of this Court. The interest of the public, the Court and the defendants in expeditiously handling litigation strongly favors dismissal of this case. Plaintiff has failed to participate in discovery. Despite the passage of an extraordinary amount of time, plaintiff's failure to participate in this lawsuit demonstrates that he is utterly unprepared to begin the trial which is presently scheduled to commence in one month. The public policy favoring decisions on the merits militates against dismissal. However, this factor is weakened by the Court's assessment of the merits of the case based on its review of defendants' motions for summary judgment. Plaintiff was adequately warned in this case. Despite this unambiguous warning,

ORDER ~ 4

```
```

plaintiff did not comply with the Court's order. Finally, it is clear that less drastic sanctions are not appropriate.

Because he has repeatedly disobeyed the rules and orders of this Court, and for failure to prosecute his case

**IT IS HEREBY ORDERED THAT**

(1) The defendants' Motion to Dismiss for Failure to Comply with Court Order Regarding Discovery (Ct. Rec. 32), to which all defendants have joined, is **GRANTED**. All other pending motions are MOOT and not addressed on their merits.

(2) This action is DISMISSED with prejudice and all scheduled hearings and the trial are vacated.

(3) The Clerk of the Court is directed to enter this order, enter judgment in accordance herewith, provide copies to the parties and CLOSE THE FILE.

DATED this 27th day of April, 2005.

s/Lonny R. Suko

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ~ 5